COPE, C.J.
This is an appeal of an order denying a motion to set aside a default judgment. As the default should not have been entered, we direct that the default and default judgment be set aside.
Plaintiff-appellee Jacqueline Storey is the personal representative of the Estate *1174 of Elisha Anderson. She filed an action to quiet title to real estate located in Miami, Florida. The defendant, Hawanda Gilbert, is the grantee of a quitclaim deed which conveyed the real estate to her.
A process server attempted to make personal service on defendant Gilbert at the home of Rosa Gilbert, the defendant’s mother-in-law. Rosa Gilbert refused service, stating that the defendant no longer lived at that address. The process server left without attempting service.
On September 21, 2004, the personal representative initiated the procedure to serve defendant Gilbert by publication. The advertisement published in the Daily Business Review stated that the defendant must serve and file her written defenses on or before October 28, 2004.
On September 22, 2004 a different process server came to Rosa Gilbert’s home. Rosa Gilbert told the new process server that the defendant did not live there. The process server threw the papers into the house and left. Rosa Gilbert kicked the papers out of the door and closed the door.
On October 14, 2004, the personal representative filed a motion for default. The clerk immediately entered a default. The same day the trial court entered a final judgment quieting title in favor of the personal representative.
Meanwhile, on October 14 counsel for defendant Gilbert served by mail a notice of appearance and motion to dismiss the complaint with prejudice. These reached the clerk and were filed the next day, October 15.
On October 26, defendant Gilbert filed a motion to vacate the default. The trial court conducted an evidentiary hearing. The sole witness who testified was the defendant’s mother-in-law, Rosa Gilbert. She testified that the defendant receives some of her mail at Rosa Gilbert’s home but does not live there and has not lived there for a significant period of time. This testimony was not impeached or contradicted. At the conclusion of the hearing the trial court denied the motion to set aside the default. The defendant has appealed.
The default and default judgment in this case were based on the theory that the defendant had been validly served by leaving the papers at the home of Rosa Gilbert. The claim was that the representative was entitled to a default and default judgment because defendant Gilbert had not responded to the complaint within twenty days after service. See Fla. R. Civ. P. 1.140(a)(1).
The flaw in the logic is that the attempted personal service was no good. So far as is pertinent here, service of process may be made by delivering a copy of it to the defendant “or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents.” § 48.031(l)(a), Fla. Stat. (2004) (emphasis added).
In this case the personal representative attempted service at the home of the defendant’s mother-in-law, but that was not the defendant’s usual place of abode. The attempted personal service was ineffective to start the twenty-day time period for responding to the complaint. The trial court was incorrect in concluding that the defendant’s response was overdue. The default and default judgment should not have been entered. See Employers’ Fire Ins. Co. v. Dept. of Labor & Employment Sec., 629 So.2d 1118 (Fla. 1st DCA 1994).
In the meantime the personal representative had also initiated the process for serving the defendant by publication. The advertisement gave a response deadline of October 28, 2004. The defendant’s counsel *1175 served the motion to dismiss and notice of appearance on October 14, 2004 which was well ahead of the deadline.
We reverse the order now before us and remand with directions to vacate the default and default judgment.
Reversed and remanded for further proceedings consistent herewith.